IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 7 |
| Tri-Valley Corporation, *et al.*,[2] | : |
| | : Case No. 12-12291 (MFW) |
| Debtors. | : |
| | : **Objection Deadline: April 6, 2015 at 4:00 p.m.** |
| | : **Hearing Date: April 22, 2015 at 2:00 p.m.** |
| CHARLES A. STANZIALE, JR., in his capacity as the Chapter 7 Trustee of Tri-Valley Corporation, *et al.*, | : |
| | : |
| Plaintiff. | : |
| v. | : |
| Baker Hughes, | : Adv. Pro. No. 14-50627 (MFW) |
| Defendant. | : |

**TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT OF AVOIDANCE
ACTION PURSUANT TO FED. R. BANKR. P. 9019**

Charles A. Stanziale, Jr. (the "Trustee" or "Plaintiff"), in his capacity as the Chapter 7 Trustee of the estates of Tri-Valley Corporation, *et al* (the "Debtors"), by and through his undersigned counsel, hereby moves this Court for entry of an Order Approving Settlement of Avoidance Action Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

**JURISDICTION, VENUE, PREDICATES FOR RELIEF**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334(b).

---

[2] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicate for the relief requested herein is Bankruptcy Rule 9019.

## BACKGROUND

4.      On August 7, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

5.      On March 25, 2013, an Order was entered converting the Debtors' Chapter 11 bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code.

6.      On March 26, 2013, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as Chapter 7 Trustee.

7.      On November 14, 2014, the Bankruptcy Court entered an Order authorizing the employment of Ciardi Ciardi & Astin as special counsel to the Trustee *nunc pro tunc* to August 6, 2014.

8.      In accordance with his duties under the Bankruptcy Code, the Trustee investigated the estates' potential causes of action to avoid transfers pursuant to section 547 of the Bankruptcy Code.

9.      The Trustee has settled, subject to Bankruptcy Court approval, a preference action ("Preference Action") with Baker Hughes ("Baker Hughes" or the "Settling Party") (the "Settlement").

10.      The Trustee seeks Bankruptcy Court approval for the Settlement.

## SUMMARY OF SETTLEMENT[3]

11. In full and final settlement of the Avoidance Action against Baker Hughes, wherein the Trustee sought the avoidance and recovery of $71,910.60, Baker Hughes will pay the sum of $1,500.00 to the Trustee for the benefit of the Debtors' estates and their creditors. Additionally, Baker Hughes and the Trustee each grant and accept mutual releases of claims as more fully set forth in the settlement agreement. A copy of the Settlement Agreement is attached as Exhibit A.

## RELIEF REQUESTED

12. By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the Settlement.

13. Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.

14. The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . .") (internal citation marks and quotation marks omitted).

---

[3] This summary is included solely for ease of reference but is in no way controlling over terms contained in the respective settlement agreements.

15. In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity, expense and likely duration of such litigation . . . all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

16. The United States Court of Appeals for the Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006).

17. Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296. In making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor. The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599,

608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

18. In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

19. The Trustee believes that the Settlement rises well above the "lowest point in the range of reasonableness." Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlements.[4] The Court should therefore approve the Settlements pursuant to Bankruptcy Rule 9019 and applicable law.

**Probability of Success in Litigation**

20. Absent the Settlement, the claims would have to be litigated with no assurances of favorable outcomes for the Debtors' estates. The resolution of the claims under the terms and conditions of the Settlement is a favorable outcome for the Debtors' estates and their creditors

---

[4] The Trustee believes that the Settlements do not present any issues regarding the second *Martin* factor (consisting of likely difficulties in collection). Therefore, this factor weighs neither in favor nor against approval of the Settlement Agreement.

because the resolution will save the Debtors' estates from incurring significant attorneys' fees and expenses in any attendant litigation and protect the Debtors from the risk of an unfavorable outcome. Indeed, the Trustee evaluated and considered the merits of any affirmative defenses asserted by the Settling Party when entering into the Settlement. Specifically, Baker Hughes asserted among other defenses that (1) the last element of a preference was not satisfied based on the argument that its alleged lien rights would have gotten it paid in full, and (2) the payments constituted a contemporaneous exchange for new value due to the fact that payment extinguished the alleged liens. The Trustee does not agree with Baker Hughes' position.

### Complexity of Litigation Involved, and Expense, Inconvenience, and Delay Necessarily Attending the Litigation

21.     The claims involve sufficiently complex legal and factual issues regarding the alleged transfers that may be avoidable under chapter 5 of the Bankruptcy Code, which could potentially require protracted litigation. Among other things, litigation would be expensive for the Debtors' estates. The Settlement avoids these obstacles in favor of a prompt and efficient resolution without the need to expend further estate resources.

### Paramount Interest of Creditors

22.     Finally, entry into the Settlement also serves the paramount interest of the creditors of the Debtors' estates. Resolution of the claims through the Settlement represents a successful outcome for the Debtors' creditors by obviating the need for potentially protracted litigation and the expenses necessarily attendant to such litigation. The fourth *Martin* factor is therefore satisfied and weighs heavily in favor of the Court approving the Settlement.

23.     Based on the foregoing, the Trustee submits that approval of the Settlement is in the best interests of the Debtors' estates and their creditors because it eliminates the possibility of any protracted litigation with the Settling Party, eases the administrative burden on these estates,

and provides for a recovery in the amount of $1,500.00 for the benefit of the Debtors' estates and their creditors. The Settlement therefore represents a compromise between the parties that is fair and equitable and in the best interests of the Debtors' estates and their creditors.

## NOTICE

24. The Trustee has served notice of this Motion on the United States Trustee, the Settling Party, and parties who are required notice under Bankruptcy Rule 2002.

25. No prior request for the relief sought herein has been made to any court.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Settlement and granting such other and further relief as the Court deems just and equitable.

Dated: March 16, 2015
Wilmington, Delaware

CIARDI CIARDI & ASTIN

/s/ Joseph J. McMahon, Jr.
Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
1204 N. King Street
Wilmington, Delaware 19801
Tel: (302) 658-1100
Fax: (302) 658-1300
jmcmahon@ciardilaw.com

*Special Counsel for the Chapter 7 Trustee*